

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00117-CR

———————————————

JOHNKENUN SPIVERY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. F23-3992-16

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Johnkenun Spivery pleaded not guilty to his indictment for felony Driving While Intoxicated (DWI) third or more, which alleged two prior final and sequential DWI offenses, *see* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2), and he pleaded not true to two additional prior final and sequential felony DWI convictions alleged as enhancements, *see id.* § 12.42(d) (increasing punishment range to life or 25–99 years on showing convictions for two prior final and sequential felonies on trial of a non-state-jail felony offense). A jury found Spivery guilty, found the enhancement allegations true, and assessed his punishment at 30 years' confinement, and the trial court entered judgment on the verdict. Spivery has appealed.

Spivery's appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief under *Anders v. California*,[1] asserting that the appeal "is wholly frivolous and without merit." Counsel has also substantially complied with the notice requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Spivery was given the opportunity to file a pro se response to the *Anders*

---

[1]386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

brief but filed nothing.  The State did not file a brief but noted in a letter that it has waived its right to respond.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After having carefully reviewed the record and counsel's brief, we have found nothing that arguably might support an appeal.  Therefore, we agree with counsel that the appeal is frivolous and without merit.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  We grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 26, 2026

3